**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                                    Case No. 15-22605 RAM
                                                                          Chapter 7
FERN ROLLE,

        Debtor.
_____/

**EMERGENCY HEARING REQUESTED**

**DEBTOR'S MOTION TO ENFORCE ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO APPROVE SHORT SALE OF NON HOMESTEAD PROPERTY [ECF 19] AND TO COMPEL COMPLIANCE**

        **Debtor, FERN ROLLE**, pursuant to 11 U.S.C. §§ 105, moves the Court for entry of an order enforcing the Order Granting Debtor's Emergency Motion to Approve Short Sale of Non Homestead Property [ECF 19] and compelling compliance, and states the following:

1. Debtor filed for bankruptcy relief on July 13, 2015 to stop a reverse mortgage foreclosure sale in the Eleventh Circuit Court of Miami-Dade County, Florida, Case No. 2013-014821 CA01.

2. The Debtor resides in the property but does not personally own it. It was owned by her late father, Alfred Rolle, who died on September 26, 2012.

3. The Debtor is the personal representative of the probate estate of Alfred Rolle. The probate matter is pending in the Eleventh Circuit Court of Miami-Dade County, Florida, Case No. 13-3705 CP 03.

4. The property is located at 2233 NW 57 Street, Miami, FL 33142.

5. The property is encumbered with a Home Equity Mortgage Conversion (HECM or Reverse Mortgage) Note and Mortgage.

6. According the paragraph 9(d) (iii) of the recorded reverse mortgage and federal

regulations governing them, heirs of a reverse mortgage borrower have the right to satisfy the mortgage by purchasing the property at 95% of the market value of the property. 24 C.F.R. §206.125(c). Attached as Exhibit A is the relevant portion of the mortgage.

7. Where the balance owed by the deceased borrower on the Note exceeds 95% of the value of the property, the pay off is considered a short sale. The reverse mortgage company recovers the difference from the United States Department of Housing Development.

8. The Debtor and her brother, Cleygon Rolle, intend to exercise their right to satisfy the mortgage in full by paying 95% of the appraised market value of the property as provided in the reverse mortgage.

9. Both the probate court and this Court has authorized the sale of the property. See Exhibit B, for the Probate Court order authorizing the sale of the property.

10. The Debtor and her brother, Cleygon Rolle, have presented their intent to short sale the property to creditors Wells Fargo since as early as September 2014. The process has been a continuing and ongoing process since.

11. The Debtor and her brother have presented their request multiple times and included requested documents, such as purchase sale contract. appraisal of the property, letter of intent from the personal representative, preliminary HUD1, commitment letter for proof of funding, title insurance commitment, property insurance quote, etc.

12. The documents are time sensitive and expire regularly, requiring updated and newly dated documents.

13. Obtaining the documentation is time consuming. For instance, the commitment

letter for proof of funding requires the buyer to continually update his financial information with the financing company and contact the loan processor to produce. The appraisals are valid for a short time period and costly to obtain a new one. The HUD1 statements contain anticipated closing dates and if that date passes, the title company has to complete a new one. Wells Fargo will not consider a letter of intent from the personal representative that is older than 2 months so a new document has to be prepared and signed periodically. The title commitment for insurance will also expire and a new costly search will be required.

14. These documents have been repeatedly updated and provided to Wells Fargo multiple times.

15. Wells Fargo has acted either incompetently or in bad faith by failing to review the short sale documents timely. The delays in reviewing the documents causes them to expire and require new submissions. The additional time then pushes back the closing date and a new cycle for document submissions start all over again.

16. Wells Fargo is aware of the time sensitive nature of these documents but has not provided timely review of the short sale documents.

17. The last submission of updated documents was sent on December 2, 2015, via overnight mail to expedite delivery and review. Attached as Exhibit C is the cover letter without attachments for brevity and confidentiality purposes. Prior to that submission, undersigned sent documents on November 18, 13, 5, and October 21. Each document provided had either previously been sent or the prior document had "expired" since the last submission.

18. Wells Fargo confirmed receipt of the last set of documents but has yet to complete a review to confirm the closing.

19.  As of today's date, no final word has been issued on the short sale and the closing date is tentatively set for December 18, 2015.

20. If the closing does not occur and the short sale finalized on that date, then again the financial documents will expire and cause additional unnecessary delay to complete the sale.

## REASON FOR THE EXIGENCY UNDER LOCAL RULE 9075-1

21. A closing on the short sale is set for December 18, 2015.

22. If the closing is not completed by this date, all the critical documents necessary to complete the short sale will have expired.

23. These time sensitive documents include, but not limited to, the proof of funds from the buyer, the title insurance commitment, the HUD1 settlement statement, the market value appraisal, and letter of intent from the Debtor.

24. Obtaining some of these documents require that other documents be produced, such as pay stubs, involve a cost and dependent on a third party to issue.

25. The Debtor will suffer a hardship if the short sale does not occur on December 18th. There is substantial time already invested that will be lost and a financial burden for each missed closing.

26. Debtor requests a hearing on this motion on or before December 17, 2015, at 2:00 o'clock p.m. or direct, immediate and substantial harm may result to Debtor's property interest and her ability to save her family home.

27. Debtor's counsel has made a bona fide effort to resolve this matter without a hearing.

28. **Certificate of Counsel:** Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 7026-1 Plaintiff has, in good faith, attempted to confer with counsel for Wells Fargo

regarding the aforementioned issue. In addition, since the last submission of additional documents, undersigned contacts the Wells Fargo designated point of contact daily for status updates. The response is consistently that the application is "under review" and no time line on a decision can be given. Wells Fargo has not asked for additional information documentation either verbally or in writing since the last submission. In addition, undersigned filed a complaint with the Consumer Financial Protection Bureau regarding the handling of the review for the short sale approval. This escalated the issue to the executive office, but no resolution has been reached. As of the time of filing this motion, counsel for Wells Fargo is researching the inquiry for a response.

**WHEREFORE,** Debtor respectfully requests that this Honorable Court hear this motion on an emergency basis, grant the Motion to enforce and compel compliance with the Court prior order. and grant such other and further relief as deemed just and equitable.

Certificate of Admission

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

    Respectfully submitted,
    LEGAL SERVICES OF GREATER MIAMI, INC.

    By       /s/ Lissette Labrousse
    Lissette Labrousse
    Florida Bar No.  0512508
    Attorney for Debtor
    3000 Biscayne Boulevard, Ste. 500
    Miami, FL 33137
    Telephone: (305) 438-2463

<b>CERTIFICATE OF SERVICE</b>

I CERTIFY that a true copy of the foregoing was served on December 9, 2015 as follows:
**via Notice of Electronic Filing to:**

Robert A. Angueira
Chapter 7 Standing Trustee
trustee@rabankruptcy.com,    fl79@ecfcbis.com,    tassistant@rabankruptcy.com, lisa@rabankruptcy.com, lillian@rabankruptcy.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**via first class USPS mail to:**
Discovery Bank
PO Box 3025
New Albany, OH 43054

Wells Fargo Mortgage
PO Box 10335
Des Moines, IA 50306

Tara McDonald, Esq.
For Wells Fargo Mortgage
EXL Legal
12425 28 Street, N
Ste. 200
St. Petersburg, FL 33716
**and via email to:** Kenneth Wade Lockwood, Esq.,  kwl@exllegal.com and efiling@exllegal.com

**via Priority Mail Express / Overnight to:**
John G. Stumpf
Chief Executive Officer of Wells Fargo & Company
Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

By _____/s/ Lissette Labrousse_____

This Instrument Prepared By:
Wells Fargo Bank, FA
Shanita Lee
3480 Stateview BLVD, MAC
Ft.Mill, SC 29715

CFN 2008R0072254 OR BK 26181 Pgs 4473 - 4480; (8pgs)
RECORDED 01/28/2008 14:02:58
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA
MTG TAX 1,050.00 INTANG TAX 600.00

_____ [Space Above This Line For Recording Data] _____

State of Florida                    FHA Case No. 095-0523766 952

## ADJUSTABLE RATE
## HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on 01/03/08. The grantor is ALFRED W ROLLE, A SINGLE PERSON

whose address is 2233 NW 57TH ST, MIAMI, FL 33142

("Borrower"). This Security Instrument is given to WELLS FARGO BANK, N.A.
, which is organized and existing under the laws THE UNITED STATES
and whose address is
P.O. BOX 11701
NEWARK, NJ 071014701 ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest at a rate subject to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum amount of THREE HUNDRED THOUSAND AND 00/100

(U.S. $         300000.00  ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on MAY 28TH , 2068         . For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in MIAMI-DADE County, Florida:

0077090629
NMFL #8810FL (QMFL) Rev 05/15/2006
XB76 : 02/02                    Page 1

*[signature: OWR]*

# EXHIBIT A

LOT 25, BLOCK 1, GORRAY PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 12, AT PAGE 30, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY FLORIDA.

which has the address of    2233 NW 57TH ST
[Street]
MIAMI, FL 33142
[City, State, Zip]
("Property Address");

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

    **1. Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

    **2. Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

    **3. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

    In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and to Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be

00XA : 02/02    Page 2

lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**4. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument, and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**5. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

**6. Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

03XA : 02/02                           Page 3

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

   (a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:

   (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

   (ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

   (b) **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

   (i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

   (ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

   (iii) An obligation of the Borrower under this Security Instrument is not performed.

   (c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph (a) (ii) or (b) occur.

   (d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9 (a) (ii) or (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

   (i) Correct the matter which resulted in the Security Instrument coming due and payable; or

   (ii) Pay the balance in full; or

   (iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

   (iv) Provide the Lender with a deed in lieu of foreclosure.

   (e) **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

   (f) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within SIXTY DAYS from the date hereof, if permitted by applicable law Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to SIXTY DAYS from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure

04XA : 02/02                      Page 4

JEFFREY B. CROCKETT
President

JORDI GUSO
1st Vice President

JUANITA ALVAREZ
2nd Vice President

MANUEL DOBRINSKY
Treasurer

ANITA MARGOT ROSS
Secretary

CARLOS J. CANINO
Immediate Past President

MARCIA K. CYPEN
Executive Director



**LEGAL SERVICES**
OF GREATER MIAMI, INC.

EK395492629US    December 2, 2015

**VIA OVERNIGHT MAIL** EK395492629US
Wells Fargo Home Mortgage
Reverse Mortgage Servicing - MAC D3348-018
PO Box 6000
Fort Mill, SC 29715-6000
Attn: Shamara Estrada or Candace Cooper

Via facsimile to: 1-866-524-7320

RE:   Estate of Alfred Rolle, 2233 NW 57 Street, Miami, FL 33142
      Loan No. 0077090629

Dear Representative:

In response to your latest request for additional documents, enclosed you will find the following:

1. Contract for Residential Sale and Purchase for no less than 95% of the current appraised value signed by the seller, Executor/Personal Representative Fern Rolle to Cleygon Rolle dated 5/11/2015 with first amended contracted signed and dated 7/2/2015, second amended contract signed and dated 8/6/2015, and third amended contract signed and dated 10/8/2015.
2. Preliminary HUD 1 for closing 12/18/2015 for the contract price of $83,600
3. Buyer's Commitment Letter signed and dated 12/1/2015 and expired on 12/18/2015
4. Seller's letter of intent signed and dated 11/6/2015
5. Bankruptcy court order authorizing the sale of the property entered on 7/21/2015
6. Authorization for release of information from Seller, Fern Rolle to Legal Services of Greater Miami, Inc. and order appointing her personal representative.

# EXHIBIT B

PASSIONATELY COMMITTED TO EQUAL JUSTICE

3000 Biscayne Boulevard • Suite 500 • Miami, FL 33137
Direct: (305) 438-2463 • Fax: (305) 573-5800 • TDD: (305) 573-1578
Email: LLabrousse@legalservicesmiami.org • web: www.legalservicesmiami.org


LSC
America's Partner For Equal Justice

_____/

      Please note that these documents were sent at various times in the past. The last transmission of the seller's letter of intent, release, HUD1, proof of funds and sales contract was sent on 11/13. The same documents had been provided multiple times prior to 11/13. The bankruptcy court order was sent on 11/18. A copy of the order was served on Wells Fargo as required by the court. Please expedite the review and approval for the closing with anticipated closing date of 12/18/2015.

Sincerely,

Lissette Labrousse
Attorney for Fern Rolle

encl. (As stated)

cc: Asmir Mujdzic, Wells Fargo PO Box 10335, Des Moines, IA 50306-0335 (sent certified mail)   9171 9690 0935 0087 0805 41

PASSIONATELY COMMITTED TO EQUAL JUSTICE

3000 Biscayne Boulevard • Suite 500 • Miami, FL 33137
Direct: (305) 438-2463 • Fax: (305) 573-5800 • TDD: (305) 573-1578
Email: LLabrousse@legalservicesmiami.org • web: www.legalservicesmiami.org

LSC
America's Partner For Equal Justice

English    Customer Service    USPS Mobile                                          Register / Sign In

# USPS.COM

# USPS Tracking®

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: EK395492629US

**Updated Delivery Day:** Friday, December 4, 2015
Signed for By: WAIVED // FORT MILL, SC 29715 // 10:16 am

## Product & Tracking Information

**Postal Product:**                **Features:**
                                    PO to Addressee

## Available Actions

Proof of Delivery

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 3, 2015, 10:16 am | Delivered, Individual Picked Up at Postal Facility | FORT MILL, SC 29715 |

Text Updates

Email Updates

Your item was picked up at a postal facility at 10:16 am on December 3, 2015 in FORT MILL, SC 29715. Waiver of signature was exercised at time of delivery.

| December 3, 2015, 10:11 am | Arrived at Post Office | FORT MILL, SC 29715 |
| December 2, 2015, 7:59 pm | Arrived at USPS Facility | MIAMI, FL 33152 |

## Track Another Package

**Tracking (or receipt) number**

ek395492629us,                                      [Track It]

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2015 USPS. All Rights Reserved.

Search or Enter a Tracking Number

English  Customer Service  USPS Mobile  Register / Sign In



# USPS Tracking®

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: 9171969009350087080541

**On Time**
Expected Delivery Day: **Monday, December 7, 2015**

## Product & Tracking Information

**Postal Product:**  **Features:**
First-Class Mail®   Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 7, 2015, 7:43 am | Delivered | DES MOINES, IA 50328 |

Your item was delivered at 7:43 am on December 7, 2015 in DES MOINES, IA 50328.

| | | |
|---|---|---|
| December 6, 2015, 11:08 am | Arrived at Hub | DES MOINES, IA 50318 |
| December 5, 2015, 9:05 am | Departed USPS Facility | DES MOINES, IA 50318 |
| December 5, 2015, 7:28 am | Arrived at USPS Destination Facility | DES MOINES, IA 50318 |
| December 3, 2015, 11:12 pm | Arrived at USPS Origin Facility | OPA LOCKA, FL 33054 |
| December 3, 2015, 9:57 pm | Accepted at USPS Origin Sort Facility | MIAMI, FL 33137 |
| December 3, 2015 | Pre-Shipment Info Sent to USPS | |

## Available Actions

Return Receipt Electronic

Text Updates

Email Updates

## Track Another Package

Tracking (or receipt) number

[ 9171969009350087080541 ]    [ Track It ]

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



Search or Enter a Tracking Number

```
************************************************************************
*                         TRANSACTION REPORT                        P.01 *
*                         _____                            *
*                                               DEC-02-2015 WED 12:35 PM *
*    FOR:                                                                *
*------------------------------------------------------------------------*
*    SEND                                                                *
*  DATE  START    RECEIVER          TX TIME(L)PAGES TYPE   NOTE     M# DP*
*========================================================================*
*  DEC-02 12:17 PM 918665247320     18'18"(1)  32  FAX TX  OK       705  *
*------------------------------------------------------------------------*
*                                    TOTAL :  18M 18S  PAGES: 32         *
************************************************************************
```

# LEGAL SERVICES
## OF GREATER MIAMI, INC.

3000 Biscayne Boulevard- Suite 500
Miami, Florida 33137
Telephone: (305) 438-2452
Fax Number: (305) 573-5800
TDD: (305) 573-1578

### FACSIMILE COVER PAGE

| | |
|---|---|
| **DATE:** | December 2, 2015 |
| **FAX SENT TO:** | Wells Fargo Home Mortgage<br>Reverse Mortgage Servicing<br>MAC D3348-018<br>Attn: Shamara Estrada or Candace Cooper |
| **RECIPIENT'S FAX NUMBER:** | 866-524-7320 |
| **FAX SENT BY:** | Kheyla Rivera, Assistant to<br>Lissette Labrousse, Esq. |
| **NATURE OF DOCUMENT:** | re: Estate of Alfred Rolle<br>2233 NW 57 Street, Miami, FL 33142<br>Loan No. 0077090629 |
| **NUMBER OF PAGES:** | 32 (including cover page) |
| **COMMENTS:** | |

cc:

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you for your cooperation.

PASSIONATELY COMMITTED TO EQUAL JUSTICE



# LEGAL SERVICES
## OF GREATER MIAMI, INC.

3000 Biscayne Boulevard- Suite 500
Miami, Florida 33137
Telephone: (305) 438-2452
Fax Number: (305) 573-5800
TDD: (305) 573-1578

## FACSIMILE COVER PAGE

**DATE:** December 2, 2015

**FAX SENT TO:** Wells Fargo Home Mortgage
Reverse Mortgage Servicing
MAC D3348-018
Attn: Shamara Estrada or Candace Cooper

**RECIPIENT'S FAX NUMBER:** 866-524-7320

**FAX SENT BY:** Kheyla Rivera, Assistant to
Lissette Labrousse, Esq.

**NATURE OF DOCUMENT:** re: Estate of Alfred Rolle
2233 NW 57 Street, Miami, FL 33142
Loan No. 0077090629

**NUMBER OF PAGES:** 32 (including cover page)

**COMMENTS:**

cc:

---

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you for your cooperation.

PASSIONATELY COMMITTED TO EQUAL JUSTICE

IN THE ELEVENTH JUDICIAL CIRCUIT COURT
IN MIAMI-DADE COUNTY, FLORIDA

PROBATE DIVISION

CASE NO. 13-3705 CP 03

IN RE:   ESTATE OF

ALFRED W. ROLLE,

Deceased.
_____/

### ORDER GRANTING EMERGENCY PETITION FOR AUTHORITY
### TO SELL RESIDENTIAL REAL ESTATE

This cause having come before the Court on December 18, 2014, upon the Personal Representative's Emergency Petition for Authority to Sell Residential Real Estate, the Court having reviewed the pleadings, and being otherwise fully advised, it is

ORDERED AND ADJUDGED:

1. The Emergency Petition for Authority to Sell Residential Real Estate is granted.

2. This Court authorizes the Personal Representative to sell the Real Property located at:

    15 53 41
    GORRAY PARK PB 12-30
    LOT 25 BLK 1
    LOT SIZE 40.000 X 141
    COC 26181-4472 01 2008 5
    a/k/a 2233 Northwest 57th Street, Miami, Florida 33142 ("Property").

to Cleygon Rolle for $64,000.00, according to the terms set forth in the Residential Contract for Sale and Purchase Contract attached to the Emergency Petition for Authority to Sell Residential Real Estate.

3. The net proceeds from the sale of the real estate shall be deposited in the restricted depository.

DONE AND ORDERED at Miami-Dade County, Florida on December 18, 2014.

JUDGE MARIA M. KORVICK

Conformed copies to:                    CELESTE HARDEE MUIR
Candis Trusty, Esquire

519405_1.DOC

**EXHIBIT C**